## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD W. POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: |
| | ) |
| STATE OF DELAWARE, | ) |
| DIVISION OF YOUTH | ) |
| AND REHABILITATIVE SERVICES, | ) |
| EDWIN RIGSBY, individually and in | ) JURY TRIAL DEMANDED |
| his official capacity, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

1.    This action arises to remedy discrimination on the basis of sex and race in the terms, conditions, and privileges of employment and to remedy retaliation against an employee for activity protected under provisions of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII").

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1331, 1337, 1343, and 42 U.S.C. § 2000(e)-5 (f)(3).

3.    Venue lies in this judicial district since all acts alleged herein occurred within the District of Delaware.

### PARTIES

4.    Plaintiff, Richard W. Powell, is a 38 year-old white male citizen of the United States and currently resides 2235 Andrews Lake Road in Felton, Delaware, within, Kent County, Delaware.

1

5.    Defendant, Edwin Rigsby, a black male, in the past and for times relevant, was an employee of the Division of Youth and Rehabilitative Services (hereinafter "DYRS") as Superintendent of the Stevenson House. He is sued in his individual and official capacities.

6.    Defendant, the State of Delaware Division of Youth and Rehabilitative Services (DYRS) is a Department of the State of Delaware established to provide leadership and advocacy for Delaware's children. Our primary responsibility is to provide and manage a range of services for children who have experienced abandonment, abuse, adjudication, mental illness, neglect, or substance abuse; and we endorse a holistic approach to enable children to reach their fullest potential. At all times relevant hereto, DYRS have been an employer as defined in § 701(b)(g)(h) of the Civil Rights Act, 42 U.S.C. § 2000(b)(g)(h), in that Defendant's operations effect commerce and Defendant has employed at least fifteen (15) persons.

## FACTS COMMON TO ALL COUNTS

### THE PLAINTIFF'S QUALFICATIONS AND BACKGROUND

7.    Plaintiff began his employment with the DYRS since October 1990 at the Stevenson House.

8.    Plaintiff is currently employed as Youth Rehabilitation Counselor III.

9.    Plaintiff has a Bachelor's Degree and is also a Captain in the National Guard who has recently been deployed to fight in Operation Iraq Freedom.

10.    Despite Mr. Powell's educational background, leadership qualities, and experience in the field – he has been consistently been turned down for promotions in favor of applicants with less qualifications and experience.

2

## SEXUAL RELATIONSHIP BETWEEN SUPERVISOR RIGSBY AND BLACK FEMALE EMPLOYEES

11.    The common denominator surrounding these successful applicants being chosen over Plaintiff was that all were of black descent, female, and had sex a number of times with defendant Rigsby whom was Supervisor of the Stevenson House at the time.

12.    In addition, Plaintiff has been treated differently than similarly situated black females by being disciplined disproportionately for a single incident whereas the black female employees only received a written reprimand.

13.    By information and belief, Defendant Rigby was forced to leave his position as supervisor because of his ongoing sexual relationships with female counselors and other corrupt conduct.

14.    By information and belief, the environment under Superintendent Christopher Stetzer has not improved the situation.

15.    Since his employment with the DYRS the Plaintiff has been a diligent, loyal, and able employee receiving positive reviews from his supervisors.

16.    The following actions do not purport to be a complete recitation of all of the racially and sexually discriminatory actions by the Defendants but are illustrative of their behavior.

17.    The actions of the Defendant denied the Plaintiff the right to promotions regardless of his sex and race.

3

18.     Despite its actual or constructive knowledge of the unwelcome sexual and racial harassment of plaintiff, defendant DYRS took no actions to stop the inappropriate behavior, to discipline anyone, or otherwise to protect plaintiff from such unwanted conduct during her employment by the defendant DYRS. The DYRS' actual or constructive knowledge of its agents' conduct towards plaintiff and its failure to take action against such conduct amounted to a condonation or ratification of such acts.

19.     By its actions and failures to act, defendant DYRS failed to take prompt, remedial action to eliminate the sexual and racial harassment of plaintiff by its agents.

## DEPARTMENT OF LABOR AND EEOC PROCEEDINGS

20.     On or about January 6, 2004, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor ("DOL") and the Equal Employment Opportunity Commission ("EEOC") against the State of Delaware alleging continuing sexual harassment and retaliation.

21.     On or about January 26, 2005, the Delaware Department of Labor issued a Final Determination and Notice of Right to Sue Letter.

22.     The Department of Labor determined that there was reasonable cause to believe that an unlawful employment practice occurred. The DOL noted that Plaintiff was subjected to a sexually hostile work environment, the DYRS current policy against sexual harassment is inadequate, and the DYRS investigation of the matter was untimely and inappropriate. Plaintiff's Counsel received a copy of the Notice of Right to Sue Letter on February 1, 2005.

23.    Plaintiff received the Notice of Right to Sue Letter on or about the same date.

24.    On July 29, 2005, the EEOC adapted the finding of the Department of Labor.

25.    The EEOC determined that the evidence establishes a violation of Title VII.

## COUNT I - SEX DISCRIMINATION/SEXUAL HARASSMENT

26.    Paragraphs 1 through 26 are hereby realleged and incorporated herein by reference as if fully set forth herein.

27.    Such acts as described above by Defendant DYRS, its agents and employees, constitute unlawful sex discrimination and sexual harassment against Plaintiff in violation of Title VII, 42 U.S.C. § 2000(e) et. seq.

28.    As a direct and proximate result of Defendant's unlawful discrimination, in the nature of sexual harassment, by and through its agents and employees, Plaintiff Richard W. Powell has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and potential lost wages and lost benefits.

## COUNT II – RACIAL DISCRIMINATION/RACIAL HARASSMENT

29.    Paragraphs 1 through 28 are hereby realleged and incorporated herein by reference as if fully set forth herein reference as if fully set forth herein.

30.    Such acts as described above by Defendant DYRS, its agents and employees, constitute unlawful racial discrimination and racial harassment against Plaintiff in violation of Title VII, 42 U.S.C. § 2000(e) et. seq.

31.    As a direct and proximate result of Defendant's unlawful discrimination, in the nature of racial harassment and discrimination, by and through its agents and employees, Plaintiff Richard W. Powell has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and potential lost wages and lost benefits.

### COUNT III – RETALIATION

32.    Paragraphs 1 through 31 are hereby realleged and incorporated herein by reference as if fully set forth herein.

33.    Such acts as described above by Defendant DYRS, its agents and employees, constitute unlawful continuing retaliation against Plaintiff for having complained of discrimination and sexual harassment, and for having filed a Charge of Discrimination with the Delaware Department of Labor and EEOC, and for having filed the instant lawsuit, in violation of § 704(a) of Title VII, 42 U.S.C. § 2000(e)-(3)(a).

34.    As a direct and proximate result of Defendant's unlawful discrimination, in the nature of sexual harassment and retaliation by and through its agents and employees, Plaintiff Richard W. Powell has been injured and has suffered and will continue to suffer pain, fear, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety, lost wages, and lost benefits.

**WHEREFORE**, Plaintiff Richard W. Powell demands judgment in his favor against Defendant DYRS for compensatory damages, damages for emotional distress, damages for pain and suffering, lost wages, fringe benefits, front pay, special damages, medical expenses, costs of this action, Attorney's fees, expert fees, pre-judgment interest, post-judgment interest, and any other just and equitable relief as this Court deems proper, including an injunction permanently

restraining these violations of Title VII and a directive that Defendant take such affirmative action as are necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities.

**YOUNG, MALMBERG, & HOWARD, P.A.**

Dated:  August 8, 2006                         _____/s/ Ronald G. Poliquin_____
                                               Ronald G. Poliquin, Esquire
                                               30 The Green
                                               Dover, Delaware 19901
                                               (302) 672-5600
                                               Delaware Bar I.D. #:  4447
                                               Attorney for Plaintiff

℀JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)   PLAINTIFFS**

Richard Powell

**DEFENDANTS**

State of Delaware, Division of Youth & Rehabilitative Services & Edwin Rigsby

**(b)**   County of Residence of First Listed Plaintiff   Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Kent
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)   Ronald G. Polquin, Esq.
30 The Green
Dover, DE 19901

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☑ 2   U.S. Government Defendant
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

*(The TORTS column also lists, under PERSONAL INJURY:* ☐ 362 Personal Injury - Med. Malpractice · ☐ 365 Personal Injury - Product Liability · ☐ 368 Asbestos Personal Injury Product Liability *; under PERSONAL PROPERTY:* ☐ 370 Other Fraud · ☐ 371 Truth in Lending · ☐ 380 Other Personal Property Damage · ☐ 385 Property Damage Product Liability.*)*

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☑ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Acts of Congress known as the Civil Rights Act of 1964
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   August 8, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 0 6 - 4 9 4

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

AUG 0 8 2006
_____
(Date forms issued)

_____
(Signature of Party or their Representative)

Phillip Casale
_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action