**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICHARD W. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-494-GMS |
| | ) | |
| STATE OF DELAWARE, DIVISION OF | ) | |
| YOUTH REHABILITATIVE SERVICES, | ) | |
| EDWIN RIGSBY, individually and in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE OF DELAWARE'S ANSWER TO THE COMPLAINT**

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the Delaware Department of Justice, on behalf of the State of Delaware and its Division of Youth Rehabilitative Services "DYRS"),[1] answers the complaint of plaintiff Richard W. Powell ("Powell"). The numbered paragraphs in this answer correspond to the numbered paragraphs in the complaint. Unless otherwise specifically admitted or qualified, the State generally denies all of the allegations in the complaint.

1. Admitted that plaintiff is suing under Title VII for alleged race and sex discrimination and retaliation. Denied that DYRS discriminated or retaliated against plaintiff.

2. Admitted that plaintiff invokes those federal statutes as the basis for this Court's subject matter jurisdiction, but denied that the Court has subject matter jurisdiction over all of

---

[1] Upon information and belief, defendant Rigsby has moved out of State and has not been served. If and when the plaintiff perfects service on Rigsby, the Department of Justice will enter an appearance and answer on behalf of him as a former State employee.

plaintiff's claims.

3. Admitted that venue is properly laid in this Court.

4. Admitted.

5. Admitted that defendant Rigsby is an African-American male and was an employee of DYRS and that he is sued in his individual and official capacity. The remaining allegations in this paragraph are denied.

6. Admitted that DYRS is an "employer" as defined by Title VII and that it is an agency of the State of Delaware. The remaining allegations in this paragraph are denied.

7. Denied. Plaintiff started working as a probationary employee of DYRS on February 3, 1992.

8. Denied. Plaintiff is a Youth Rehabilitation Counselor II.

9. Admitted that plaintiff has a bachelor or science degree in criminal justice from Wilmington College. Upon information and belief, admitted that plaintiff is Captain in the National Guard. Admitted that plaintiff was called up for military service on May 11, 2006 and, upon information and belief, is deployed for Operation Iraqi Freedom.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. DYRS is without sufficient information to admit or deny.

17. Denied.

18. Denied.

19. Denied.

20. Denied. Plaintiff filed his charge of discrimination with the EEOC on July 7, 2003.

21. Denied. The Delaware Department of Labor issued its Final Determination and Right To Sue Notice on December 26, 2004.

22. Denied. The allegations are a mischaracterization of the Department of Labor's decision. DYRS is without sufficient information to admit or deny the last sentence of this paragraph.

23. DYRS is without sufficient information to admit or deny.

24. Denied. The EEOC issued its determination on September 29, 2005.

25. Denied as a mischaracterization of the EEOC's determination.

26. The answers to paragraphs 1-25 are incorporated by reference.

27. Denied.

28. Denied.

29. The answers to paragraphs 1-28 are incorporated by reference.

30. Denied.

31. Denied.

32. The answers to paragraphs 1-31 are incorporated by reference.

33. Denied.

34. Denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to timely exhaust his administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The claims against Edwin Rigsby must be dismissed because there is no individual liability under Title VII.

## FOURTH AFFIRMATIVE DEFENSE

DYRS is not liable for any claim for hostile work environment because it has a written anti-harassment policy which has a by-pass mechanism for complaints against supervisors and conducts regular training about this policy yet plaintiff did not avail himself of this policy.

Respectfully submitted,

/s/   W. Michael Tupman
Deputy Attorney General
Delaware Department of Justice
102 West Water Street, 3rd Floor
Dover, DE 19904
(302) 739-7641

Attorney for Division of Youth
    Rehabilitative Services

Date: September 22, 2006

## **CERTIFICATE OF SERVICE**

     W. Michael Tupman certifies that: on September 22, 2006 he served electronically the State of Delaware's Answer to the Complaint; on that same date he served the original, hard-copy of that Answer by first-class U.S. Mail, postage prepaid, to the Clerk of the Court; and on that same date he served two true and correct copies of the Answer to:

>Ronald G. Poliquin, Esquire
>Young, Malmberg & Howard, P.A.
>30 The Green
>Dover, DE 19901
>Counsel of Record for Plaintiff


                     /s/   W. Michael Tupman

I:\TUPMAN\FILES\powell.answer.wpd