IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD W. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-494-GMS |
| ) | |
| STATE OF DELAWARE, DIVISION OF ) | |
| YOUTH & REHABILITATIVE SERVICES, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

1.   **Jurisdiction and Service**.  This Court jurisdiction over the subject matter and the parties.  No parties remain to be served.

2.   **Substance of the Action**. Plaintiff Richard W. Powell ("Powell") alleges that the Division of Youth & Rehabilitative Services ("DYRS") discriminated against him on the basis of his sex and race in violation of Title VII of the Civil Rights Act.  DYRS contends that Powell failed to timely exhaust his administrative remedies with the Equal Employment Opportunity Commission and that DYRS has an *Ellerth/Farragher* affirmative defense to Powell's claim for hostile work environment.

3.   **Identification of Issues**.

   a.   Whether DYRS denied Powell a promotion in favor of applicants with less qualifications and experience because his supervisor, Edwin Rigsby, was having sexual relations with those female applicants?

   b.   Whether DYRS intentionally discriminated against Powell on the basis of his race and sex by disciplining similarly situated African-American females less harshly for the same

offense?

    c. Whether Powell suffered from a hostile work environment based on sexual and racial harassment?

  4. **Narrowing of Issues**. It is unlikely that the parties can narrow the issues by agreement or motion because the facts are in dispute.  DYRS contends that Powell's failure to promote and hostile work environment claims are barred because he failed to timely exhaust his administrative remedies before the EEOC.

  5. **Relief**.  Powell seeks compensatory damages, damages for emotional distress, lost wages, fringe benefits, front pay, special damages, attorney's fees and costs, and pre-judgment and post-judgment interest.  Powell has not yet conducted a full calculation of damages.  Powell will calculate his damages primarily by using his past wages, future wages, and damages for the loss of promotions.

  6. **Amendment of Pleadings**. It is unlikely that the parties will move to amend their pleadings.

  7. **Joinder of Parties**.  The parties do not believe there are any other indispensable or necessary parties to join.

  8. **Discovery**. Powell contemplates taking discovery to include production of documents, request for interrogatories, request for admissions, e-discovery, and up to ten (10) depositions.  DYRS intends to take similar discovers.  The parties are open to a voluntary exchange of discovery.

  9. **Estimated Trial Length**. Powell anticipates a five (5) day trial.  The parties believe that the trial time can be reduced by stipulation of facts and exhibits and motions *in limine*.

10. **Jury Trial**. Powell requests a jury trial.

11. **Settlement**. The parties have not as yet had any settlement discussions. The parties are amenable to mediation before a Magistrate-Judge but DYRS does not believe mediation would be productive before a decision by the Court its dispositive motion.

12. **Other Matters**. The parties do not believe there are any other matters for the Court's consideration at this time.

13. **Statement of Counsel**. Counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| /s/ W. Michael Tupman Esquire | /s/ Ronald G. Poliquin, Esquire |
| Deputy Attorney General | Young, Malmberg & Howard, P.A. |
| Department of Justice | 30 The Green |
| 102 West Water Street, 3rd Floor | Dover, DE 19901 |
| Dover, DE 19904 | (302) 672-5600 |
| (302) 739-7641 | *Attorney for Plaintiff Richard W. Powell* |
| *Attorney for Division of Youth & Rehabilitative Services* | |

I:\TUPMAN\FILES\powell.joint.status.report.wpd