IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD W. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-494-GMS |
| ) | |
| STATE OF DELAWARE, ) | |
| DIVISION OF YOUTH & REHABILITATIVE ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

## CONFIDENTIALITY ORDER

This Confidentiality Order is designed to balance the rights of the plaintiff Richard W. Powell ( the "Plaintiff") to have access to potentially relevant evidence in the custody, possession, or control of the Division of Youth & Rehabilitative Services (the "Defendant"), against the privacy rights of non-party employees, past or present, of the Defendant whose disciplinary or personnel records the Plaintiff may seek to discover.

1.    Before seeking to discover the disciplinary or personnel records of any non-party individual, Plaintiff's counsel shall attempt to identify specific individuals or class of individuals defined by certain parameters to be agreed to by the parties.

2.    Any disciplinary or personnel files which may be produced pursuant to this Confidentiality Order, and any other documents and information of a personal nature concerning employees or former employees of the Defendant (hereinafter referred to collectively as "Confidential Material") may be supplied by Defendant to Plaintiff pursuant to discovery subject to the further stipulations in paragraphs 3-13 below.

3. To protect the privacy of non-party individuals, the parties agree to assign each individual non-party whose personnel or disciplinary records may be disclosed in discovery with code names to protect their identity (*e.g.,* Employee "A", Employee "B"). For purposes of motions, briefs, letters, or any other papers or pleadings filed with the Court which are not filed under seal, the parties agree to use those code names instead of the employee's real name.

4. The designation of Material as "Confidential" for purposes of this Order shall be made in the following manner:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatories or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Material, except that in the case of multi-page documents bound together by staple or other binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Material; provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and Defendant may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Order;

(b) In the case of depositions: (i) by a statement on the record at the time of such disclosure that such testimony shall be treated as Confidential Material; (ii) by written notice, sent by counsel within ten business days after receiving a copy of the transcript. In both of the foregoing instances, counsel shall direct the court reporter that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, or otherwise by written stipulation, without further order of the

Court.

5. Each person to whom Confidential Material is disclosed or made available, including experts or consultants retained by Plaintiff, shall be advised of the existence and the contents of this Confidentiality Order and shall be bound by its terms and conditions. No such person shall divulge any Confidential Material, or any data or information obtained, derived or generated from Confidential Material, to any other person, except as provided herein. Each such person, excluding the Plaintiff, counsel for the Plaintiff, and counsel's staff shall sign a statement which shall include his or her name, job title and employer, and a statement that he or she has read this Confidentiality Order and agrees to be bound by all of its terms and conditions. Such statements shall be maintained by counsel for Plaintiff throughout this litigation and the statements of any persons shown Confidential Material shall be made available to counsel for Defendant upon termination of this litigation or upon good cause shown.

6. Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall be disclosed only to:

    (a) The Court and Court personnel;

    (b) Plaintiff's attorney of record in this action and persons employed in the attorney's office on a need-to-know basis;

    (c) Plaintiff;

    (d) Independent experts such as economists;

    (e) Witnesses or potential witnesses with whom Plaintiff's's attorney deems it necessary to discuss such material in the course of Plaintiff's discovery and/or preparation for trial.

7. Confidential Material, or data and information obtained, derived or generated from

Confidential Material, shall not be used for any purpose other than pretrial proceedings, preparation for trial, at trial, and post-trial litigation in connection with the above-captioned action.

8. Any documents filed of record which contain Confidential Material shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with the title of this action, the words "Confidential Material - Subject to Protective Order," and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains confidential information filed in this case by [name or party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

9. Any person may be examined as a witness at trial or during a deposition concerning any Confidential Material as to which that person has prior knowledge. During examination, any such witness may be shown Confidential Material which appears on its face or from other documents or testimony to have been received by that witness from, or communicated to that witness by, the Defendant.

10. Nothing contained in this Confidentiality Order shall be construed as a waiver by Defendant of its right to object to the subject matter of any discovery request made in this action, or the admissibility into evidence of any document or testimony subject to this Stipulation and Order.

11. Any dispute arising under this Confidentiality Order shall be submitted to the Court for resolution pursuant to its discovery dispute resolution procedure which is set forth on the Court's website.

12. Within thirty (30) days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all originals and copies of documents designated as

confidential shall be returned to Defendant, together with all documents containing data or information derived from or set forth in such Confidential Material, but this paragraph does not cover or include any pleadings filed by the plaintiff with the Court.

13. If any Confidential Material, information or data obtained, derived or generated therefrom, is sought through discovery from Plaintiff by any party in any other judicial or administrative proceeding, Plaintiff's counsel will immediately notify Defendant's counsel so as to permit Defendant to seek a protective order from the appropriate court or administrative agency.

**SO ORDERED** this _____ of _____, 2008

_____
Gregory M. Sleet
United States District Judge

I:\TUPMAN\FILES\powell.confidentiality.order3.wpd